IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVARIUS LAVALLE RIGGINS,

                     Plaintiff,

    v.

SHERIFF DAVID MAHONEY,
SERGEANT SHRODER, CAPTAIN ANHALT,
SERGEANT OLSEN, SERGEANT SKERPENSKI,
SERGEANT LURKIUN, DEPUTY DEFOREST,
and DANE COUNTY,

                     Defendants.

OPINION and ORDER

20-cv-947-jdp

      Pro se plaintiff Davarius Lavalle Riggins is proceeding on several constitutional claims related to the conditions of his confinement at the Dane County Jail. Riggins has not taken steps to advance this case in several months, and he has missed several important deadlines. For the reasons that follow, I will dismiss this case for Riggins's failure to prosecute it.

      A court has the inherent authority to dismiss a lawsuit without a motion if the plaintiff fails to prosecute his case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). The case may be dismissed with prejudice if "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *GCIU Emp'r Retirement Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (internal quotation marks omitted).

      I conclude that dismissal with prejudice is appropriate here. Riggins has not filed anything with the court in several months. Riggins did not respond to the court's order to show cause why he should not reimburse defendants for the cost of the scheduled deposition he missed. Dkt. 24. Nor did he respond to defendants' pending motion for summary judgment, Dkt. 25, even though the court emailed him a copy of the briefing schedule as a courtesy. And the court's recent mail to Riggins has been returned as undeliverable, with no forwarding address provided. It is Riggins's responsibility to keep the court informed of his address and

contact information. Even so, the court has reached out to Riggins several times by email and phone asking for an updated address. Riggins responded only once, by email, and did not provide a new address.

Plaintiffs should be warned that they risk having their case dismissed before the court orders that sanction. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). Riggins received that warning in the court's initial screening order, where I told Riggins that his case may be dismissed if the court was unable to locate him. Dkt. 10, at 6. Moreover, Riggins should be aware of the consequences of failing to participate in his case: the court has dismissed three of Riggins's other cases, fully or in part, for his failure to prosecute them. *See Riggins v. Mahoney, et al*, 20-cv-971-jdp, Dkt. 34; *Riggins v. Mahoney, et al,* 19-cv-1059-jdp, Dkt. 33; *Riggins v. Dzekute, et al*, 17-481-jdp, Dkt. 30. Riggins has once again stopped responding to defendants and the court. In light of the time that defendants have already spent litigating this case and Riggins's consistent failure to pursue his claims, I will dismiss this case with prejudice.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiff's failure to prosecute it.
2. Defendants' motion for summary judgment, Dkt. 25, is DENIED as moot.
3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered May 3, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge